UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **JEANNINE D. HAMDY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Cause No. 1:12-cv-1530-WTL-TAB |
| | ) |
| **CAROLYN W. COLVIN, Acting** | ) |
| **Commissioner of the Social Security** | ) |
| **Administration,**[1] | ) |
| | ) |
| **Defendant.** | ) |

### ENTRY ON JUDICIAL REVIEW

Plaintiff Jeannine Hamdy requests judicial review of the final decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Commissioner"), denying her application for Disability Insurance Benefits ("DIB"). The Court rules as follows.

### I. PROCEDURAL HISTORY

Hamdy filed her application for DIB on November 24, 2009, alleging disability beginning on August 14, 2006, due to asthma, COPD, anxiety disorder and bilateral hand contractures. Her application was denied initially on March 19, 2010, and upon reconsideration on June 19, 2010, whereupon she requested and was granted a hearing before an ALJ. Hamdy was represented by counsel at the hearing, which was held on June 9, 2011. Hamdy and a vocational expert, Robert Barber, testified at the hearing. Thereafter, on June 23, 2011, the ALJ rendered his decision in which he concluded that Hamdy was not disabled under the terms of the Social Security Act ("the

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration after this case was filed. She is therefore substituted as the Defendant in this case pursuant to Federal Rule of Civil Procedure 25(d).

Act"). The Appeals Council denied Hamdy's request for review of the ALJ's decision, and Hamdy filed this timely action for judicial review.

## II.   APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity he is not disabled, despite his medical condition and other factors. 20 C.F.R. § 404.1520(b). At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits his ability to perform basic work activities), he is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. § 404.1520(g).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id*., and this court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into [his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Id.*

### III.   THE ALJ'S DECISION

The ALJ found at step one that Hamdy had engaged in substantial gainful activity since the alleged onset date of August 14, 2006; however, because Hamdy's earnings did not cover the entire period of alleged disability, the ALJ continued with the complete sequential analysis. At steps two and three, the ALJ concluded that Hamdy had the severe impairments of degenerative disc disease of the lumbar spine, degenerative joint disease of the right shoulder, and obesity, but that those impairments, singly or in combination, did not meet or medically equal a listed impairment. At step four, the ALJ concluded that Hamdy

> has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b); this includes: lifting, carrying, pushing or pulling twenty pounds occasionally and ten pounds frequently; standing and/or walking for six hours in an eight-hour workday; sitting for six hours in an eight-hour workday; occasional balancing, stooping, crouching, crawling, kneeling, and climbing stairs or ramps; no climbing ladders, scaffolds, or ropes; no work around hazards, such as unprotected heights or unguarded, dangerous,

moving machinery; and no overhead work with the right upper extremity.

Record at 17. Given this residual functional capacity ("RFC"), the ALJ concluded that Hamdy was unable to perform her past relevant work as an auto assembler. The ALJ then determined that, considering her age, education, work experience, and RFC, Hamdy was able to perform a significant number of jobs existing in the national economy, including information clerk, apparel sorter, and packer. Therefore, the ALJ determined that Hamdy was not disabled as defined by the Act.

## IV. DISCUSSION

Hamdy argues that the ALJ erred in failing to consider the opinion of Dr. Boersma, Hamdy's family physician, that Hamdy could do no reaching with her right arm. Hamdy claims this error is material and requires remand because the ALJ based his denial on the conclusion that Hamdy could sustain employment as an information clerk, apparel sorter, or packer, all of which require significant reaching.

As Hamdy correctly notes, the ALJ must consider all medical opinions. 20 C.F.R. § 404.1527(b); Social Security Ruling 96-5p. Moreover, "although the ALJ need not discuss every piece of evidence in the record, the ALJ may not ignore an entire line of evidence that is contrary to the ruling." *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) (internal citations omitted). To do so renders the reviewing court unable to determine whether the ALJ's decision rests on substantial evidence. *Id.*

In *Golembeiwski*, the record contained conflicting physician opinions regarding the claimant's ability to bend at the waist. Without evaluating that evidence or explaining why he credited one opinion over another, the ALJ ruled that the claimant's RFC included light work that would require occasional stooping. The Seventh Circuit remanded, finding that the ALJ erred in

failing to address the evidence and resolve any conflict, and that the error was significant given the RFC determination.

Here, the ALJ effectively ignored Dr. Boersma's opinion on Hamdy's ability to reach with her right arm. As the Commissioner points out, the ALJ's opinion does acknowledge Hamdy's problems with her right shoulder, and indeed, the ALJ determined that Hamdy's degenerative joint disease in her right shoulder was a severe impairment under the Act. The ALJ's assessment of this impairment led him to include in Hamdy's RFC a limitation against overhead work with the right arm. Furthermore, the ALJ mentioned Dr. Boersma's opinion regarding Hamdy's ability to reach, Record at 23 ("Dr. Boersma opined that the claimant could never reach with her right hand . . . ."), as well as the555 reports of two other physicians who placed no limitation on Hamdy's ability to reach.

However, the ALJ failed to engage in meaningful discussion of the reaching issue. He did not address whether or why he rejected Dr. Boersma's opinion regarding reaching, nor did he mention the other physicians' conclusions on the matter. Instead, the ALJ made only the general statement that "[g]iven the sparse treatment provided by Dr. Boersma, she is not considered a treating source entitled to controlling weight. Thus, I have given her opinion some weight . . . ."[2] *Id.*

This is insufficient. Dr. Boersma's opinion is evidence contrary the ruling. The ALJ based his denial of Hamdy's claim on his finding that Hamdy is capable of work requiring frequent to constant reaching. If the ALJ had credited Dr. Boersma's opinion on that issue, he could not have made that finding. On remand, the ALJ should evaluate Dr. Boersma's opinion and explain why

---

[2]Hamdy does not challenge this finding.

he rejected it.

## V. <u>CONCLUSION</u>

For the reasons set forth above, the decision of the Commissioner is **REVERSED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with the Court's Entry.

SO ORDERED: 10/23/2013

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication